IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVE THOMAS, #104278, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| | )   CASE NO. 3:11-CV-214-ID |
| | )              [WO] |
| | ) |
| J. C. GILES,  et al., | ) |
| | ) |
|     Respondents. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Dave Thomas ["Thomas"] on March 17, 2011.[1] In this petition, Thomas challenges a conviction for murder imposed upon him by the Circuit Court of Randolph County, Alabama on October 19, 1982.

### DISCUSSION

A review of the records of this court establishes that Thomas filed three previous habeas petitions pursuant to the provisions of 28 U.S.C. § 2254 challenging the murder conviction made the basis of the instant petition which are relevant to the disposition of this case. *Thomas v. Nagle*, Civil Action No. 89-V-501-E (M.D. Ala. 1992); *Thomas v.*

---

[1] The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to correctional officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The documents filed by Thomas indicate he submitted the petition for mailing on March 17 2011. *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 7. In light of the foregoing and for purposes of the proceedings herein, the court considers March 17, 2011 as the date of filing.

*Jones*, Civil Action No. 93-D-1174-E (M.D. Ala. 1995); and *Thomas v. Thompson, et al.*, Civil Action No. 96-A-1473-E (M.D. Ala. 1996).  The court determined the claims raised in the 1989 habeas entitled Thomas to no relief and dismissed this petition with prejudice on August 20, 1992.  The court dismissed both the 1993 and 1996 petitions as successive.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).  It is clear from the pleadings filed herein that Thomas has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.  "Because this undertaking [is Thomas' fourth applicable] habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief."  *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the present petition for habeas corpus relief is due to be denied and

this case summarily dismissed. *Id*. at 934.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Dave Thomas on March 17, 2011 be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Thomas has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.[2]

It is further

ORDERED that on or before April 14, 2011, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[2] The court notes that any habeas claims the petitioner seeks to present are likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "entitle [Thomas] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay ... because the limitations period had already expired before he filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 31st day of March, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE